IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 25-80 |
| v. | : | |
| | : | |
| TAHIR HIGHTOWER | : | |
| | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                              June 25, 2025

The Defendant presents three arguments in support of his Motion to Dismiss the Indictment, namely, that 18 U.S.C. § 922(g)(1): (i) is unconstitutional on its face; (ii) is unconstitutional as applied to Mr. Hightower; and (iii) exceeds Congress's enumerated powers under the Commerce Clause.  See ECF No. 16 ("Mtn.") at 2.  The Court will **deny** the motion.

I.   DISCUSSION

First, recent caselaw in this Circuit establishes that an individual still serving a portion of their criminal sentence does not have a constitutional right to possess a firearm.  On this point, the Third Circuit's decisions in *United States v. Quailes* and *United States v. Moore* control.  In *Quailes*, the circuit court held that § 922(g)(1) was constitutional "as applied" to two defendants, both of whom were convicted of possessing a firearm while still serving a criminal sentence, specifically, while on either "parole or probation."  *United States v. Quailes*, 126 F.4th 215, 223–24 (3d Cir. 2025); *see also United States v. Moore*, 111 F.4th 266, 267 (3d Cir. 2024) ("Does a convict completing his sentence on supervised release have a constitutional right to possess a firearm? The answer is no.").  The *Quailes* court reasoned that "[t]his Nation's history demonstrates a longstanding and uninterrupted tradition of disarming convicts still serving a criminal sentence," including those "on parole, probation, or supervised release."  126 F.4th at 221–22.

Here, Mr. Hightower himself acknowledges that he "was serving the parole portion of his 11.5–23-month sentence for . . . [a] 2023 firearms possession offense when he allegedly possessed the ammunition detailed in the indictment." Mtn. at 11; *see also* ECF No. 24 at 3. Because *Quailes* held that "§ 922(g)(1) is constitutional as applied to convicts on parole or probation," Mr. Hightower's "as applied" argument fails. 126 F.4th at 224; *see also Moore*, 111 F.4th at 273 ("Because history and tradition support disarming convicts who are completing their sentences, we reject [defendant's] as-applied challenge to his conviction for violating § 922(g)(1)."). And, since the Court rejects Mr. Hightower's "as-applied challenge to § 922(g)(1), his facial challenge also fails: he cannot 'establish that no set of circumstances exists under which the Act would be valid.'" *Moore*, 111 F.4th at 273 n.5 (quoting *United States v. Rahimi*, 602 U.S. 680, 693 (2024)).

As to Defendant's argument that § 922(g)(1) is unconstitutional because it exceeds Congress's powers under the Commerce Clause, the Court finds this argument unpersuasive given the weight of binding precedent on the issue. *See United States v. Eddings*, No. 24-1166, 2025 WL 1099691, at *1 (3d Cir. Apr. 14, 2025) (citing *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001)).

## II. CONCLUSION

Accordingly, the Motion is **denied**. An accompanying order will follow.

BY THE COURT:

*/s/ Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**